| | | |
|---|---|---|
| CARL WARD, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | CASE NO. 3:19-cv-00484 |
| v. | ) | |
| | ) | JUDGE ALETA A. TRAUGER |
| NPAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMAND** |

## FIRST AMENDED COMPLAINT

Now comes CARL WARD ("Plaintiff"), complaining as to the conduct of NPAS, INC. ("Defendant"), for its unlawful conduct as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C § 1692 *et seq.*

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3.    Venue is proper in the Court pursuant to 28 U.S.C. § 1391 as the substantial portion of the events giving rise to the claims occurred within the Middle District of Tennessee.

[ 1 ]

**PARTIES**

4.      Plaintiff is a natural person residing within this District.

5.      Defendant is a corporation with its principal place of business in Nashville, Tennessee.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

7.      In late 2018, Defendant began contacting Plaintiff with respect to a purported medical debt of Plaintiff's.

8.      After the parties had been in communication with one another regarding the debt, Defendant left voice messages for Plaintiff "on behalf of Stone Crest Medical Center."

9.      In these voicemails, Defendant did not disclose that it was a debt collector or that it was attempting to collect upon a debt.

10.     Plaintiff found these voicemails confusing as a result.  For instance, Plaintiff could not be sure whether Defendant was calling with important medical updates, or whether it was simply calling to collect upon the debt.

11.     Further, in the messages, Defendant left a callback number, and because Defendant did not state it was attempting to collect upon a debt, Plaintiff did not know whether this callback number was for Defendant or for Stone Crest Medical Center (her medical provider and the original creditor).

[ 2 ]

12.     Further, Defendant referred to itself only as "NPAS" in these voice messages.

13.     In this particular case, the phrase "NPAS" did not sufficiently identify the collector to allow a consumer to know which entity called.

14.     There are two entities named "NPAS" in Tennessee:  one being Defendant, and the other being "NPAS Solutions, LLC."

15.     Plaintiff, unhappy to be receiving Defendant's voice messages, retained Legal Rights Advocates, PLLC to send a cease-and-desist letter to Defendant.

16.     On December 28, 2018, Legal Rights Advocates, PLLC sent a cease-and-desist letter to "NPAS Solutions" at the address listed on the Better Business Bureau website for "NPAS Solutions, LLC," which is:  111 Corporate Office Drive Ste 200, Earth City, MO 63045.  *See* BETTER BUSINESS BUREAU, "NPAS Solutions, LLC," https://www.bbb.org/us/mo/earth-city/profile/collections-agencies/npas-solutions-llc-0734-310608980.

17.     Because Defendant did not state its true legal name—"NPAS, Inc."—in its voicemail messages, Plaintiff's cease-and-desist letter reached the wrong entity. Plaintiff could thus not effectively enforce her rights under 15 U.S.C. 1692c(c).

18.     Further, Plaintiff was confused as to which entity had called her.  This confusion has materially affected her.  For instance, when Plaintiff wished to bring this lawsuit, she did not know whether "NPAS, Inc." or "NPAS Solutions, LLC" was the correct legal entity to name.

[ 3 ]

## COUNT I—VIOLATIONS OF THE FDCPA

19. Plaintiff realleges the paragraphs above as if fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debt.

22. Alternatively, Defendant is a "debt collector" because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due by another.

23. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. The FDCPA, at § 1692d(6), requires debt collectors to make meaningful disclosures of their identities when they place calls. Defendant violated this provision because the acronym "NPAS" did not, in these circumstances, meaningfully disclose Defendant's identity. Plaintiff was confused as to whether NPAS, Inc. or NPAS Solutions, LLC called her, and this materially affected her ability to enforce her rights.

25. The FDCPA, at § 1692e(11), requires that in all communications with a consumer, a debt collector must state that it is attempting to collect a debt and that all information obtained will be used for that purpose.

26. Defendant's voicemails with Plaintiff were "communications" because they referenced the original creditor, Stone Crest Medical Center, and from the context, they indirectly conveyed information about the alleged debt.

[ 4 ]

27.    Defendant's voicemails violated § 1692e(11) because the collector did not state that it was a debt collector or that all information obtained would be used for that purpose.  This omission affected Plaintiff because she did not know whether the callback number belonged to Defendant or to the original creditor, and because she did not know whether the caller had medical updates for her regarding treatments at Stone Crest Medical Center.

28.    The FDCPA, at § 1692e(14), requires a debt collector to use its "true name."  Defendant violated this provision when it referred to itself as "NPAS" rather than "NPAS, Inc.," given that a consumer would have no way of knowing whether the calls came from NPAS, Inc. or NPAS Solutions, LLC.  Plaintiff was, in fact, confused and her ability to enforce her rights was materially affected.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a.    Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

b.    Awarding Plaintiff statutory damages in an amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    Awarding Plaintiff the costs of this action and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k(a)(3);

d.    Awarding Plaintiff any other relief this Honorable Court deems just and appropriate.

[ 5 ]

**A TRIAL BY JURY IS DEMANDED.**

Dated: July 30, 2019

<div style="margin-left: 40%;">

By: s/ W. Allen McDonald
W. Allen McDonald, Esq.
Lacy, Price & Wagner, P.C.
249 North Peters Rd.
Suite 101
Knoxville, TN  37923
(865) 246-0800
(865) 690-8199 FAX

s/ Jonathan Hilton
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*\* Admitted pro hac vice*

</div>

[ 6 ]